JOURNAL ENTRY AND OPINION
On September 20, 2000, the applicant, Lavelle Gaddis, applied to reopen this appeal, State of Ohio v. Lavelle Gaddis, Cuyahoga App. No. 77835, dismissed on September 8, 2000, for failure to file a praecipe. The State of Ohio never filed a brief in opposition to the application to reopen. For the following reasons, this court reopens the appeal.
On June 18, 1999, in State of Ohio v. Lavelle Gaddis, Cuyahoga County Common Pleas Court Case No. Cr. 373495, the trial court found Mr. Gaddis guilty of robbery. On April 7, 2000, he moved for a delayed appeal. On April 21, 2000, this court granted the delayed appeal, allowed a complete transcript at state's expense and appointed an attorney. On May 23 this court sua sponte dismissed the appeal for failure to file a praecipe. Mr. Gaddis' first appellate attorney filed on June 23, 2000, a motion to reinstate and to withdraw as counsel. This court granted those requests and appointed a second appellate counsel. However, this counsel also failed to file a praecipe, and on September 8, 2000, this court again suasponte dismissed the appeal.
In his timely filed application to reopen, Mr. Gaddis essentially argues that his appellate counsel was ineffective by abandoning him and failing to argue a meritorious assignment of error on improper sentencing. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.3d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In State of Ohio v. Henry Skaggs (May 29, 1990), Cuyahoga App. No. 56714, unreported, reopening granted, (Oct. 25, 1999), Motion No. 7505, this court ruled that appellate counsel's abandonment of his client during appeal constituted ineffective assistance of counsel and reopened the appeal. Similarly in State of Ohio v. James Hammon (Dec. 2, 1997), Erie App. No. E-97-129, unreported, reopening granted (Feb. 3, 1999), the court of appeals dismissed the appeal for failing to file a praecipe and docketing statement. Mr. Hammon's appellate counsel then made several efforts to reinstate the appeal which the court rejected. However, appellate counsel failed to inform Mr. Hammon that the appeal had been dismissed. When Mr. Hammon discovered that his appeal had been dismissed for more than ninety days, he contacted the public defender who filed an application to reopen. The court granted the application reasoning that original counsel's failure to follow the procedure in transmitting the record causing the appeal to be dismissed and the failure to inform the client of the dismissal raised a genuine issue as to whether the applicant was deprived of the effective assistance of appellate counsel. The failures prejudiced the applicant because it deprived him of even minimal appellate review.
So too in the present case, the failures by appellate counsel to file the praecipe constituted ineffective assistance of counsel and prejudiced Mr. Gaddis by precluding appellate review. Accordingly, this court grants the application and reinstates this appeal to its regular docket. The Ohio Public Defender, 1200 West Third St., N.W., 100 Lakeside Place, Cleveland, Ohio, 44113, (216) 443-7583, is appointed to represent Mr. Gaddis. Counsel is instructed to apply for compensation within thirty days of journalization of this court's decision.
This case shall proceed pursuant to the appellate rules, commencing with the filing of the praecipe and the record.
 ______________________ JAMES M. PORTER, JUDGE
 MICHAEL J. CORRIGAN, P.J., and PATRICIA A. BLACKMON, J., CONCUR.